REINEMAN & Co. v. THE C., C. & B. R. Co.

DENNIS & Co. v. THE SAME.

1. **Common Carrier**: LIEN: DELIVERY. A common carrier, by the delivery of merchandise intrusted to it for transportation, loses its lien for charges thereon.

*Appeals from Woodbury District Court.*

MONDAY, JUNE 9.

THESE cases are submitted together as involving substantially the same questions. The intervenors entered into a

contract with the defendant, by which they agreed to transport for it certain lumber from Stillwater and Minneapolis, Minnesota, to Sioux City, Iowa. In the performance of the contract the defendant became indebted to the intervenors in the sum of one thousand nine hundred and fourteen dollars and seventy-five cents, which is still due. The lumber was deposited upon the public levee in Sioux City, and a part of it was removed therefrom by the defendant, and used in the construction of its road. The amount due the intervenors not being paid, they notified the defendant that the remainder of the lumber would be held for the payment of their charges. Afterward the lumber was attached by the plaintiffs in the respective cases upon claims held by them, respectively, against the defendant. The intervenors claim to have a lien paramount to the liens effected by the plaintiffs' attachments, and they intervene for the purpose of enforcing the same. There was a trial by the court, and judgment for the plaintiffs, and the intervenors' petitions were dismissed. They appeal.

*J. H. Swan*, for appellants.

*E. H. Hubbard* and *Joy & Wright*, for appellees.

ADAMS, J.—By contract the defendant was to unload the lumber. It did unload it, and by unloading it upon the levee it adopted that place for its deposit. No further act was to be done by the intervenors. Nothing was wanting, then, to constitute a delivery. A delivery having been made, the intervenors' lien was lost.

AFFIRMED.